IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY PINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RENEE WATKINS, *et al.*, )<br>)<br>Defendants. ) | Case No. CIV-06-323-F |

## REPORT AND RECOMMENDATION
## CONCERNING CLASS CERTIFICATION

Stating that he wants to add 30-40 plaintiffs, Mr. Pinson has requested class certification. The undersigned recommends denial of the request, as the Plaintiff could not serve as an adequate representative of the class even with the appointment of counsel.

For certification, the Plaintiff must establish numerosity, commonality, typicality, and adequacy of representation. *See Shook v. El Paso County*, 386 F.3d 963, 971 (10th Cir. 2004) (citing Fed. R. Civ. P. 23(a)). The Plaintiff then must show that the claim falls within Fed. R. Civ. P. 23(b). *See id.* The strict burden of proof remains with the Plaintiff. *See In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1112 (10th Cir. 2001) (party seeking class certification bears a strict burden of proof to satisfy all of the requirements of Fed. R. Civ. P. 23(a), including the ability to adequately represent the class).

Mr. Pinson cannot fairly and adequately protect the interests of the class. Even with counsel, the Plaintiff would lack the financial resources to vigorously litigate on behalf of the other class members.

Mr. Pinson is proceeding *in forma pauperis* based on his proof of limited financial resources. *See* Order Granting Leave to Proceed *In Forma Pauperis* (Mar. 31, 2006); Motion for Leave to Proceed In Forma Pauperis & Supporting Affidavit (Pursuant to 28 U.S.C. § 1915 & 28 U.S.C. 1746) (Mar. 28, 2006). Thus, even if the Court requested counsel for the Plaintiff,[1] his limited financial means would prevent adequate pursuit of class objectives. As one federal appellate court noted, "Class lawsuits can be frightfully expensive: the costs (apart from legal fees) include not only the notice to the class but also the reporter's fees for depositions, duplication expenses, payments to express delivery services, and the like." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991).

The court's admonition is particularly appropriate here. For example, the Plaintiff claims that the class would involve prisoners "throughout the state." Motion for Certification as a Class W/Brief in Support at p. 1 (Apr. 20, 2006). State-wide notification, investigation, and discovery would presumably entail substantial expense.

The Plaintiff's financial resources are inadequate to aggressively pursue classwide relief. *See* Order at p. 2, *Henry v. Stewart*, Case No. CIV-01-1374-R (W.D. Okla. Feb. 28, 2003) (Russell, J.) (unpublished order) (concurring with the magistrate judge that the plaintiff's lack of financial resources limited her ability to adequately represent the interest of a class); *accord Duprey v. State of Connecticut Department of Motor Vehicles*, 191 F.R.D.

---

[1] The Court has recently denied Mr. Pinson's request for appointment of counsel. Order (Apr. 21, 2006).

329, 338 (D. Conn. 2000);[2] *Moll v. U. S. Life Title Insurance Company of New York*, 113 F.R.D. 625, 632 (S.D. N.Y. 1987) ("The ability of a class representative to defray the cost of litigation is a relevant factor in the court's determination of the representative's suitability." (citations omitted)); *Michaels v. Ambassador Group, Inc.*, 110 F.R.D. 84, 91 (E.D. N.Y. 1986) ("The ability and willingness of class plaintiffs to finance a lawsuit are pertinent factors in the determination of whether named plaintiffs are adequate representatives of the class.").[3] The inability to afford vigorous litigation renders the Plaintiff

---

[2] In *Duprey v. State of Connecticut Department of Motor Vehicles*, the court stated: "The ability and willingness of the named plaintiff to finance a lawsuit are pertinent factors in the determination of whether the named plaintiff is an adequate representative of the class. If the lawsuit is not financed adequately, then it probably cannot be prosecuted vigorously." 191 F.R.D. at 338 (citation omitted).

[3] When counsel is involved, the Court has a limited fund available for reimbursement of extraordinary expenses. However, reimbursement is generally limited to $1500 per case. Authorization for Reimbursement of Certain Expenses from the Non-Appropriated Fund at p. 2, Misc. Order No. 22 (W.D. Okla. Sept. 12, 2001) (*en banc*). For expenses beyond $1500, the Could would permit reimbursement only "in unusual circumstances . . . and subject to availability of funds." *Id.* Indeed, regardless of the possibility of eventual reimbursement, the Court cannot presume that *pro bono* counsel would be willing to advance litigation expenses. Counsel might be willing to do so. *See* Rule 1.8(e), Oklahoma Rules of Professional Conduct ("a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter"). However, counsel would be under no obligation to advance expenses. *See Arrocha v. McAuliffe*, 109 F.R.D. 397, 399 (D. D.C. 1986) ("While under the Code of Professional Responsibility and the Canons, it is permissible for pro bono counsel to advance discovery and related pretrial expenses, or even to absorb these expenses, pro bono counsel can not be required to do so." (footnote & citations omitted)). The Plaintiff's likely inability to reimburse counsel, even if allowed, weighs against certification. *See Kamens v. Horizon Corp.*, 81 F.R.D. 444, 446-47 (S.D. N.Y. 1979).

an inadequate class representative.[4] Thus, the Court should deny the Plaintiff's request for class certification.

Mr. Pinson is advised of his right to file an objection with the Clerk of this Court. The deadline for objections is the 23rd day of May, 2006. *See* 28 U.S.C. § 636(b)(1) (2000). The failure to timely object would result in waiver of the right to appeal an order denying class certification. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 3rd day of May, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[4]  In *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974) (*per curiam*), the Tenth Circuit Court of Appeals disallowed discovery into plaintiffs' financial information in consideration of whether they could adequately represent a class. *Sanderson v. Winner*, 507 F.2d at 479-80. In doing so, however, the court acknowledged: "We recognize that the class action is unique and we see the necessity for the court to be satisfied that the plaintiff or plaintiffs can pay the notice costs, and we also agree fully with the Court's ruling in Eisen that due process requires decent notice." *Id.* at 479-80. In addition, the Tenth Circuit acknowledged that "some lower court decisions have considered the plaintiff's ability to pay as relevant and proper" when a "legitimate concern [exists] about the ability of the plaintiffs to successfully lead a class" of great magnitude. *Id.* at 480. Thus, *Sanderson v. Winner* does not prevent consideration of Mr. Pinson's financial condition. *See, e.g., State ex rel. Forbes v. Southwestern Bell Telephone Co.*, 2002 WL 398796, Westlaw op. at 5 (N.D. Okla. Mar. 4, 2002) (unpublished op.) (acknowledging that a plaintiff need not disclose financial statements to prove adequate representation, but noting that "a plaintiff's inability to finance . . . notification seriously calls into question the plaintiff's ability to adequately represent the proposed class").