IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY V. PINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-323-F |
| | ) | |
| RENEE WATKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Mr. Jeremy Pinson is an inmate challenging the conditions of his confinement under 42 U.S.C. § 1983.  The Defendants seek dismissal, and the Court should grant the motion.

### FACTUAL BACKGROUND

The first claim is that authorities refused to protect Mr. Pinson and that the lack of protection led to a stabbing in March 2005.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 2-3 (Mar. 28, 2006) ("Complaint").

The second claim is that a prison official provoked harassment by calling Mr. Pinson a "snitch," "punk," "bitch," and "rat" in the presence of other inmates.  *Id.* at p. 3.

### APPLICATION OF THE PRISON LITIGATION REFORM ACT

Mr. Pinson alleges that the Prison Litigation Reform Act is not applicable.  Plaintiff's Response to Defendants' Motion to Dismiss at pp. 2-4 (Mar. 19, 2007) ("Plaintiff's

Response"). But the Plaintiff is a prisoner, alleging unconstitutional prison conditions. By definition, the suit is governed by the Prison Litigation Reform Act.[1]

## EXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

The Plaintiff did not exhaust administrative remedies on the first claim, and the second claim is procedurally barred.

I.    Statutory Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).  "[T]he [Prison Litigation Reform Act] exhaustion requirement requires proper exhaustion" of the prison's administrative remedies.  *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006).

---

[1]    *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000); *see also Norton v. City*, 432 F.3d 1145, 1149 (10th Cir. 2005) ("The Prison Litigation Reform Act . . . imposes specific filing requirements on prisoners seeking to file civil actions regarding prison conditions, which include 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong . . . .'" (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002))).

II.   Administrative Process

The Cimarron Correctional Facility has created a four step administrative process.[2] Defendants' Motion to Dismiss and Brief in Support, Exh. 1 (Oct. 10, 2006) ("Defendants' Motion to Dismiss").  First, an inmate can attempt to informally resolve the claim with a request to staff.  *Id.*, Exh. 1 at p. 2.  Second, if the prisoner is dissatisfied with the result, he can file a grievance form with the facility's grievance officer within seven days of the incident.  *Id.*, Exh. 1 at pp. 2, 5.  Third, if the inmate remains dissatisfied, he can appeal to the warden.  *Id.*, Exh. 1 at pp. 6-7.  Finally, an inmate can appeal to the Oklahoma Department of Corrections administrative review authority.  *Id.*, Exh. 1 at p. 7.

III.   Failure to Exhaust Administrative Remedies

The Defendants have provided Mr. Pinson's requests to staff and grievances, and the documents reflect:

- a failure to exhaust the claim involving lack of protection before the stabbing in March 2005, and

- the submission of an untimely grievance concerning alleged endangerment through the labeling as a "snitch."

*Id.*, Exh. 3.

---

[2]   In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007).

A.      First Claim: Failure to Provide Protection Before the March 2005 Stabbing

The Plaintiff has not exhausted administrative remedies concerning the failure to protect him from the stabbing in March 2005. Indeed, the Plaintiff does not point to any administrative complaints about the failure to supply protection before the alleged stabbing.[3] In the absence of a grievance addressing the failure to provide protection before the stabbing, the Court must dismiss the present claim.[4]

Mr. Pinson points out that in response to one request to staff, prison authorities stated: "Inmate moves or transfers are not a grievable issue." Plaintiff's Response at p. 3. Relying on this statement, the Plaintiff rhetorically asks: "If the move or transfer is not grievable, how can the inmate exhaust his administrative remedy?" *Id.* The Court could interpret the rhetorical question as a suggestion that no administrative remedy was available. Even with this generous interpretation, however, the argument would be invalid.

---

[3]      After the stabbing, Mr. Pinson filed multiple grievances. None involved the failure to protect Mr. Pinson before the stabbing.

Mr. Pinson discusses the request to staff which led to the filing of Grievance No. 5-34. Plaintiff's Response at p. 3. In the request to staff, Mr. Pinson asked for release from administrative segregation on grounds that he was no longer in danger. Defendants' Motion to Dismiss, Exh. 3 at p. 1 ("I am in Seg on P.C., no threat whatsoever exists at this time against me."). Authorities declined to release Mr. Pinson and he filed a grievance requesting either a transfer or release from administrative segregation. *Id.*, Exh. 3 at p. 3. As grounds, Mr. Pinson stated only that he had "signed the proper paperwork" and that seventeen other prisoners had been transferred. *Id.* This grievance did not mention the stabbing or related events and did not suggest that a transfer or release from segregation would promote safety. *See id.* As noted above, Mr. Pinson sought transfer or release from segregation based on the belief that he was already safe. *See id.*, Exh. 3 at pp. 1, 3.

[4]      *See Boulden v. Tafoya*, 37 Fed. Appx. 974, 975 (10th Cir. June 21, 2002) (unpublished op.) (holding that a prisoner's failure to file a grievance on a lack of protection resulted in nonexhaustion of a related claim under Section 1983).

4

An administrative remedy would have been available for Mr. Pinson's allegation involving a failure to provide protection before the stabbing. The administrative policy states that "grievable" issues include all "matter[s] relating to the conditions of care and supervision within the authority of CCA" unless one of five express exceptions applies. Defendants' Motion to Dismiss, Exh. 1 at p. 3. The exceptions do not cover a failure to provide protection.

Mr. Pinson's rhetorical question might be read as a suggestion that administrative remedies would have been unavailable if "[i]nmate moves or transfers" were not grievable. But inmate moves or transfers were not the sole administrative remedies for a failure to provide protection. For example, one such remedy would have been an administrative order to enhance security for Mr. Pinson. Because some administrative relief was available, Mr. Pinson had to exhaust administrative remedies even if he could not obtain a remedy consisting of release or transfer. *See Ross v. County*, 365 F.3d 1181, 1188 n.9 (10th Cir. 2004), *abrogated in part on other grounds*, *Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007);[5] *see also Beaudry v. Corrections Corporation of America*, 331 F.3d 1164, 1167 (10th

---

[5]     In *Ross v. County*, the prisoner claimed that the shower floor was unreasonably dangerous and that the medical care was inadequate. *See Ross v. County*, 365 F.3d at 1182. One issue was whether an administrative remedy was available to the prisoner on the claim involving inadequate medical treatment. *See id*. at 1188 n.9. The prisoner argued that he had filed a grievance and prison authorities responded that he had "raised a 'non-grievable issue.'" The Tenth Circuit Court of Appeals rejected the argument, stating:

> [T]his comment referred to the primary complaint raised in [the prisoner's] . . . grievance, his "housing change from J Pod to Ad. Seg." Under CSC grievance procedures, disciplinary actions and routine transfers of inmates are not grievable matters. In contrast, the record indicates that some relief for inadequate medical

Cir. 2003) ("[e]ven though matters involving federal and state law and regulation were 'non-grievable' under prison policy," exhaustion was required because "prison authorities did have the power to render some of the relief requested by plaintiffs").

In the absence of a grievance on the first of Mr. Pinson's current claims, the Court should order dismissal without prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) ("'[a] dismissal based on lack of exhaustion . . . should ordinarily be without prejudice'" (citation omitted)).

B.      Second Claim: Reference to Mr. Pinson as a "Snitch"

The Plaintiff did grieve his second claim, which involved identification as a "snitch." *See supra* p. 1.  But the grievance was late, and further administrative action would be procedurally barred.

Mr. Pinson filed a grievance on May 20, 2005, concerning his alleged identification as a "snitch."  Defendants' Motion to Dismiss, Exh. 3 at pp. 31-32.  The purported incident took place on April 25, 2005,[6] and the Plaintiff had only seven days to file a grievance.[7]  This period would have expired on May 2, 2005, but the Plaintiff waited until May 20, 2005, to file a grievance on the subject.  *Id.*, Exh. 3 at p. 31.  Thus, authorities returned the grievance

---

treatment was available through CSC's grievance process.

*Id.*

[6]      Complaint at p. 3.

[7]      Defendants' Motion to Dismiss, Exh. 1 at p. 4; *see supra* p. 3.

on grounds of timeliness. *Id.*, Exh. 3 pp. 32-33. The submission of an untimely grievance did not satisfy the exhaustion requirement.[8]

Officials have already informed the Plaintiff that he cannot resubmit the untimely grievance. *Id.* As a result, this claim is procedurally defaulted and should be dismissed with prejudice. *See Kikumura v. Osagie*, 461 F.3d 1269, 1289, 1290-91 (10th Cir. 2006) ("[C]laims that have been properly denied by the prison as untimely are, practically speaking, procedurally defaulted, and thus may be dismissed . . . with prejudice.").

## RECOMMENDED RULINGS

The Court should:

- dismiss without prejudice the first claim involving an alleged failure to protect, reasoning that Mr. Pinson had failed to exhaust available administrative remedies; and

- dismiss with prejudice the second claim involving labeling as a "snitch," reasoning that the Plaintiff had filed an untimely grievance and that further administrative relief would be procedurally barred.

## NOTICE OF RIGHT TO OBJECT

The parties can object to this report and recommendation. To do so, one must file an objection with the Clerk of this Court. The deadline for objections is May 7, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see*

---

[8]     *See supra* p. 3; *see also Patel v. Fleming*, 415 F.3d 1105, 1109-11 (10th Cir. 2005) (holding that when an inmate failed to comply with administrative time limitations, "he . . . ha[d] not properly exhausted his . . . administrative remedies").

*also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

DOCKETING INSTRUCTIONS

The referral to the undersigned is terminated.

Entered this 17th day of April, 2007.


_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge